IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, § § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:22-CV-1304-N |
| § § | |
| BRAD E. COX, § § | |
| Defendant. § § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Brad E. Cox's motion to dismiss without prejudice, or, alternatively, to stay [11]. Because the *Colorado River* factors favor retaining jurisdiction, the Court denies the motion, conditioned on the Surety's withdrawal of its state court claim on the bond underlying its claim against Cox.

## I. ORIGINS OF THE MOTION

This case arises from a dispute over a demand for collateral security on several contract surety bonds. In April 2016, Cox and a number of third parties (collectively "the Indemnitors") executed a General Agreement of Indemnity (the "Indemnity Agreement") to induce Aspen America Insurance Company and Aspen Specialty Insurance Company (collectively the "Sureties") to execute bonds related to the Indemnitors' oil and gas operations in the Gulf of Mexico. *See* Compl. ¶ 8 [1]. In June 2018, Cox was unconditionally released from any further liability under the Indemnity Agreement. *Id*. ¶ 10. Plaintiff United States Fire Insurance Company ("US Fire") signed a rider adding it

as a surety to the Indemnity Agreement in October 2020. *Id*. ¶ 8. In June 2021, Cox executed a rider incorporated into the Indemnity Agreement agreeing to become an indemnitor for a single bond, Bond No. SU13887, issued by the Sureties. *Id*. ¶ 10.

In May 2021, the Sureties issued a written demand to the Indemnitors requiring them to post $99,639,090.00 in collateral security. *Id*. ¶ 13. The Indemnitors refused to post the collateral as requested. *Id*. On June 10, 2022, the Indemnitors, excluding Cox, filed suit against the Sureties in the United States District Court for the Northern District of New York. The Sureties informed the Indemnitors that the impending joinder of US Fire would destroy diversity jurisdiction, leading the Indemnitors to dismiss the case. On June 15, 2022, US Fire filed this lawsuit. On June 28, 2022, the Indemnitors, with the exception of Cox, filed a lawsuit in New York state court. On July 8, 2022, during a hearing in the state court proceedings regarding the issuance of a temporary restraining order, the parties agreed not to take any action with respect to the bonds or Indemnity Agreement, including this action. On December 19, 2022, the state court denied the Indemnitors' motion for preliminary injunction, ending the agreement to stay this action. On February 27, 2023, the state court stayed discovery pending resolution of US Fire's motion for partial summary judgment. This Court issued an order on January 27, 2023, instructing Cox to file his answer by February 27, 2023. In lieu of an answer, Cox filed the instant motion to stay or dismiss the federal action without prejudice. Cox argues that the Court should decline to exercise jurisdiction in deference to the parallel litigation in New York state court.

## II.  Legal Standard For Abstention

Under certain circumstances, a district court may decline to exercise or postpone the exercise of jurisdiction in deference to parallel litigation pending in a state court, but this deference does not negate "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–16 (1983).  "Abstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colo. River*, 424 U.S. at 813.  District courts must point to "exceptional circumstances" to justify staying or dismissing federal proceedings.  *See Moses H. Cone*, 460 U.S. at 14 (quoting *Colo. River*, 424 U.S. at 813). Discretion to abstain or stay a case under the *Colorado River* doctrine is available only where the state and federal proceedings are parallel.  *See Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

The Supreme Court has not prescribed a hard and fast rule governing the appropriateness of *Colorado River* abstention, but the Fifth Circuit has set forth sixth factors that this Court should consider:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state court proceedings in protecting the rights of the party invoking federal jurisdiction.

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).  None of these factors is determinative. Rather, courts apply "a careful balancing of the important

factors . . . as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

### III. THE COURT DENIES THE MOTION TO DISMISS

Parallelism, for purposes of a *Colorado River* analysis, means that substantially the same parties are litigating substantially the same issues. *See FinsServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 679 (S.D. Tex. 2010) (citing *Tyrer v. City of S. Beloit*, 456 F.3d 744, 752 (7th Cir. 2006)). "[T]here need not be applied in every instance a mincing insistence on precise identity" of the same parties and same issues. *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

As the parties agree that the state and federal proceedings are parallel, the Court turns to the *Colorado River* factors and determines that they do not favor abstention.[1] The Court addresses each factor in turn.

***1. The Courts Have Not Exercised Jurisdiction Over a Res.*** – The parties agree that there has been no exercise of jurisdiction over a res in this case. Accordingly, this factor weighs against abstention. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006).

***2. The Forums Are Not Relatively Inconvenient.*** - The relative convenience of the forums "primarily involves the physical proximity of the federal forum to the evidence and

---

[1] The Court will not consider new arguments from the reply brief related to the indemnity agreement's forum selection clause, as Cox's opening brief argued only that the Court should abstain per application of the *Colorado River* factors. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991).

witnesses." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Because the parties are citizens of states across the country including Texas, Delaware, Louisiana, and Maryland, neither forum has an advantage in relative convenience. Accordingly, this factor is neutral.

**3. Abstention is Not Required to Avoid Piecemeal Litigation.** - "The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea,* 204 F.3d at 650–51. When "no court has assumed jurisdiction over a disputed res, there is no such danger." *Id*. The Court must be cautious not to confuse piecemeal litigation with duplicative litigation. *See Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012). If "the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially," the third factor weighs in favor of abstention. *Saucier*, 701 F.3d at 464.

Here, the issues in both the state and federal court litigation are substantially identical. However, Cox is not a party to the state court litigation. Cox argues that this fact is of little significance, as any judgment issued against US Fire in the state court case would prevent it from pursuing a claim against Cox due to collateral estoppel. But Cox does not engage with the reverse: even if US Fire prevails in state court, it is unclear whether it would again have to litigate against Cox.[2] US Fire has also stated that it intends

---

[2] The parties' briefs do not provide facts sufficient to determine whether Cox would be in privity with his fellow Indemnitors in the New York state court action. "For judgments in

to drop its claim in state court on the bond at issue here if this case proceeds. Pl.'s Resp. Br. Opp. Mot. Dismiss 18 [15]. In the current posture, there may be some overlap in the issues litigated by the parties in front of both courts. The duplicative nature of this litigation, though wasteful, is not a factor to be considered under *Colorado River*. *Black Sea*, 204 F.3d at 650–51. Thus, this factor weighs in favor of retaining federal jurisdiction.

**4. This Court Obtained Jurisdiction First.** – The Indemnitors, excluding Cox, filed the initial suit against the Sureties in the United States District Court for the Northern District of New York. However, the Indemnitors voluntarily dismissed that case. On June 15, 2022, US Fire filed this lawsuit in federal court. On June 28, 2022, the Indemnitors, with the exception of Cox, filed a lawsuit in New York state court. Cox claims that because the suit in New York federal court was brought before the action in this Court began, this factor favors abstention. The Court disagrees.

As an initial matter, the proper proceedings to compare are the parallel proceedings that are currently ongoing: the current action and the New York state court action. And this Court obtained jurisdiction over this case two weeks prior to the case in New York.

Furthermore, the filing of the complaint is not the only issue to consider. The inquiry under the fourth factor is "how much progress has been made in the two actions." *Stewart*, 438 F.3d at 492. In New York, the state court has denied the Indemnitors' motion for preliminary injunction and stayed discovery pending resolution of US Fire's motion for

---

diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891, n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).

partial summary judgment. Here, the case has survived the motion to dismiss and will soon enter the early phases of discovery. Neither case has gone through lengthy discovery or made significant progress. Because the cases in both courts are still in their early stages, this factor is neutral.

**5. *Federal Law Does Not Provide the Rules of Decision.*** - Federal law does not provide the rules of decision here. Accordingly, this factor is neutral.

**6. *The State Proceedings Are Adequate to Protect the Parties' Rights.*** - "The sixth factor, evaluating the adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction, can only be neutral or weigh against abstention." *Aptim Co.*, 888 F.3d at 139 (citing *Stewart*, 438 F.3d at 493). The Court sees no reason to doubt the state court's ability to determine the legal questions at issue. Accordingly, this factor is neutral.

Considering all the relevant factors and looking at the totality of the circumstances, the Court determines that the *Colorado River* factors weigh against abstention. The default rule directs federal courts to retain jurisdiction in parallel proceedings. *Colo. River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."). Cox has not shown that this case presents the rare exceptional circumstance, and accordingly, the Court denies the motion to dismiss.

## CONCLUSION

Because the *Colorado River* factors do not favor abstention, the Court denies the motion to dismiss. However, US Fire must withdraw its claim in state court on the bond underlying its claim against Cox prior to proceeding further in this lawsuit. If US Fire does not dismiss that claim within 45 days, Cox may move for reconsideration.

Signed August 23, 2023.

David C. Godbey
Chief United States District Judge