IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-1304-N |
| BRAD E. COX | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff United States Fire Insurance Company's ("USFIC") motion for partial summary judgment [30], Defendant Brad Cox's request to decide preliminary questions [48], and USFIC's motion to strike Cox's request [52].

The Court denies Cox's request to decide preliminary questions and USFIC's motion to strike as moot in light of this Order. For the reasons set forth below, the Court grants USFIC's motion for partial summary judgment.

I. ORIGINS OF THE DISPUTE

This case arises from a dispute over a demand for collateral security on several contract surety bonds. In April 2016, Cox and a number of third parties (collectively "the Indemnitors") executed a general agreement of indemnity (the "Agreement") to induce Aspen America Insurance Company ("Aspen") and Aspen Specialty Insurance Company to execute bonds related to the Indemnitors' oil and gas operations in the Gulf of Mexico. *See* Compl. ¶ 8 [1]. On June 14, 2018, USFIC released Cox unconditionally from any

ORDER – PAGE 1

further liability under the Agreement. *Id*. ¶ 10. On July 15, 2020, USFIC assumed the surety liability of Aspen. *Id*. ¶ 8. The remaining indemenitors agreed in October 2020 via a rider ("2020 Rider") to modify the Agreement so that "Surety" as defined in the Agreement included USFIC. Def.'s Resp. 18–19 [60].

On June 3, 2021, Cox executed a rider ("2021 Rider") incorporated into the Agreement consenting to become another Indemnitor for one bond: Bond. No. SU13887 with a penal sum of $48,000,000.00 ("Bond"). *Id*. at 30–31. Cox executed the 2021 Rider "in favor of Aspen American Insurance Company," the Surety. *Id*. Aspen executed the Bond with Cox Oil Offshore, LLC, as principal, and Chevron U.S.A. Inc and Union Oil Company of California as obligees. *Id*.

Finally, in 2022, Aspen and USFIC amended the Bond in a bond change rider. *Id*. at 31–32 (citing Pl.'s App. 25). This Bond change amended the Bond number from SU13887 to 612410262 and changed the listed surety company from Aspen to USFIC. *Id*. In 2021 and 2022, the Surety issued written demands on the Indemnitors, which now included Cox again. Cox refused to post collateral in response to either demand. USFIC now brings this suit to satisfy these demands.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.

ORDER – PAGE 2

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citation omitted). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS USFIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court grants USFIC motion for partial summary judgment on two claims, a breach of the Agreement, and, based on the breach of contract, specific performance. Cox raised three affirmative defenses, lack of consideration, that the 2020 Rider was a unilateral contract, and unconscionability. Cox does not meet his burden for the reasons below.

#### A. Cox's Affirmative Defenses for Both Claims Fail.

Cox asserts three affirmative defenses: failure of consideration, that the contract was unilateral, and the Agreement was a contract of adhesion. Each of these affirmative defenses fails for the reasons set forth below.

First, the defense of failure of consideration is factually inapplicable. Under Texas law, when there is a written contract, it is presumed there is consideration for its execution. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 603 (Tex. App. — San Antonio 2005, no pet.). The party alleging lack of consideration has the burden of proof to rebut this presumption. *Id.* Cox has not proffered sufficient proof to show there was a failure of consideration. Rather, the Agreement states that Indemnitors agree to the terms "in consideration of 'Surety' executing, renewing, continuing, and/or refraining from canceling Bonds for the benefit of any Indemnitor" and their assigns. Def.'s Resp. 16; Pl.'s App. 10. Moreover, Cox gave consideration for the agreement in the form of guaranteeing the loan and posting the collateral on demand.

Second, Cox argues that the 2020 Rider to the Agreement was a "unilateral contract" because Cox was not involved and did not know it existed. However, the undisputed facts

regarding the circumstances of the deal (the Agreement, and all its riders and parts) prove otherwise. Instead, Cox agreed to be bound by all terms of the Agreement (including the 2020 Rider) when he agreed to become an indemnitor in the 2021 Rider he signed.

The 2020 Rider adding USFIC as a Surety is a valid amendment of the definition of a contract term. The Agreement provides that the Surety "is authorized and empowered, without notice to or knowledge of Indemnitors, to assent to any change whatsoever in . . . the contracts or obligations underlying any Bonds." Pl.'s App. 11. Courts must construe indemnity agreements according to the normal rules of contract construction. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 353 (Tex. 2020). "A contractual term is not rendered invalid merely because it exists in a document incorporated by reference . . . ." *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006). That is, multiple writings may comprise a contract "even if the parties executed the instruments at different times and the instruments do not expressly refer to each other." *Fort Worth Indep. Sch. Dist. V. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000). Thus, under the plain language of the Agreement, Aspen did not need to notify Cox, and he did not need to sign the 2020 Rider for it to take effect. The 2020 Rider, therefore, is not a unilateral contract.

Nevertheless, Cox remains bound by the 2020 Rider's terms. When Cox returned and chose to become an indemnitor in the 2021 Rider, he should have been aware of the terms of the overall deal and Agreement as it existed in 2021. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (holding courts presume that "a party who signs a contract knows its contents"). The first sentence of the 2021 Rider provides that it is

"incorporated into the General Agreement of Indemnity" that Cox originally signed and "its affiliates, successors and assigns." Pl.'s App. 21. The 2021 Rider then states that it is governed by the terms of the Agreement, that the "Undersigned" has "read the Agreement carefully," and that the terms used in the Rider are "used with the meanings given them in the Agreement." *Id*. Furthermore, Aspen promised in the Agreement to execute bonds, including the 2021 Bond, and, in return, Cox agreed principally to "pay or cause to be paid," all agreed premium amounts and provide collateral within ten days of a written demand. Def.'s Resp. 16–17; Pl.'s App. 10. Therefore, the 2020 Rider amending the definition of Surety to include USFIC does not release Cox from his liability as an indemnitor under the 2021 Rider.

Finally, Cox's third affirmative defense that the Agreement and Riders together are generally a contract of adhesion fails. "Adhesion contracts are not automatically unconscionable." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex. 2005). In Texas, "state law requires the party claiming unconscionability to bear the burden of establishing . . . substantive unconscionability." *Elkjer v. Scheef & Stone, L.L.P.*, 8 F. Supp. 3d 845, 856 (N.D. Tex. 2014). The test "is whether, 'given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract.'" *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001)). Texas courts have upheld contract surety bonds as conscionable. *E.g.*, *Associated Indem. Corp.*

*v. CAT Contracting, Inc.*, 964 S.W.2d 276 (Tex. 1998). Cox fails to provide any evidence of substantive unconscionability. Cox's response argues only that there was not a new bond or other consideration, and thus the Rider was not a modification or "new agreement." Def.'s Resp. 43–44. As such, Cox does not meet his burden, and unconscionability fails as a defense.

### B. USFIC is Entitled to Judgment as a Matter of Law for a Breach of Contract.

In a diversity case, a federal court will apply state law rules on contract construction. *Harken Expl. Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n.3 (5th Cir. 2001). Under Texas law, a breach of indemnity agreement claim has five elements: (1) a contractual indemnity agreement exists; (2) the agreement obligates defendants to indemnify the surety if claims are made on the bonds issued; (3) claims were made on the bonds issued; (4) all conditions precedent for recovery have occurred, been performed, waived or excused; and (5) the surety has been damaged. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995).

Cox does not dispute that USFIC has satisfied three of the five elements of its breach of indemnity agreement claim — a contractual indemnity agreement exists, the agreement obligates Cox to indemnify USFIC in the event a claimant makes claims against the bonds issued, and that a claim was in fact made on the bond issued. Def.'s Answer ¶¶ 18–20 [22].

In his Original Answer, Cox denied that USFIC completed all conditions precedent for recovery. *See id*. at ¶¶ 25–27. However, when a party denies that a condition

ORDER – PAGE 7

precedent has occurred or been performed, the party must do so with *particularity*. FED. R. CIV. P. 9(c) (emphasis added). "Any condition precedent to filing suit that is not denied with particularity is deemed admitted, and it cannot be raised later in the litigation." *EEOC v. Serv. Temps Inc.*, 2010 WL 2381499, at *1 (N.D. Tex. 2010), *aff'd*, 679 F.3d 323, 332–33 (5th Cir. 2012). Cox's Answer denies only that the condition was a "reasonable basis" and that there was not in fact a reasonable basis for a collateral demand. Def.'s Answer ¶¶ 14, 18–20. This is insufficient to meet Rule 9(c). Accordingly, Cox may not raise the issue of failure of condition precedent at this stage in the proceedings.

Cox does not adequately dispute that USFIC was harmed. In his Answer, Cox generally denied that USFIC incurred losses, costs, and expenses. *See* Def.'s Answer ¶ 20. However, a nonmovant may not oppose summary judgment "by reference only to its pleadings." *Celotex*, 477 U.S. at 324–25 (holding that Rule 56(e) permits opposition to a proper summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves*). Cox fails to otherwise respond to USFIC's evidence it has suffered damages. Cox merely repeats that the parties terminated the Agreement made in 2016 and that Cox is not aware of any evidence of harm. Def.'s Resp. 27, 36, 38, 44–45.

Without any evidence to oppose USFIC's summary judgment proof, the Court finds that USFIC has suffered harm through the loss of its duly negotiated contract rights to collateralization to protect against loss and anticipated loss, as well as its attorney's fees. USFIC has provided evidence that a contractual indemnity agreement existed that obligated

Cox to indemnify USFIC for the claims made when USFIC demanded collateral, and that USFIC suffered damage when Cox breached the Agreement by failing to post collateral. Accordingly, the Court holds that USFIC has satisfied all the elements of its claim for a breach of contract and grants its motion for partial summary judgment.

### C. US Fire is Entitled to Judgment as a Matter of Law for Specific Performance.

The Court also grants USFIC specific performance because it has shown it is entitled to summary judgment for its breach of contract claim. "Specific performance is an equitable remedy that may be awarded upon a showing of breach of contract." *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 535 (Tex. App. — Dallas 2007, pet. denied). "Courts have generally granted specific performance to enforce collateral security clauses based on the premise such remedy is required to protect the surety's bargain." *Hartford Fire Ins. Co. v. 3i Constr., LLC*, 2017 WL 3209522, at *2 (N.D. Tex. 2017) (quoting *Liberty Mut. Ins. Co. v. Nat'l Pers. of Tex., Inc.*, 2004 WL 583531, at *2 (N.D. Tex. 2004)).

In Texas, a plaintiff seeking specific performance must prove (1) the contract is reasonably certain, unambiguous, and based on valuable consideration; (2) the contract is fair in every section, void of misrepresentation, misapprehension, fraud, mistake, imposition, or surprise; (3) the parties are so situated that specific performance will not be harsh or oppressive; and (4) the party seeking specific performance must come into court with clean hands. *Liberty Mut. Ins. Co.*, 2004 WL 583531, at *2 (citing Texas law).

Here, the evidence establishes that USFIC bargained for the right to demand collateral in return for the surety bond to the defined "Indemnitors." The contract is

unambiguous, nor is there evidence of surprise or a mistake — all parties were aware of the terms at the time of signing. The record does not contain facts showing that specific performance would be harsh or oppressive. Finally, there is no evidence that USFIC has unclean hands. Accordingly, the Court grants USFIC specific performance because there is no genuine dispute of material fact and USFIC is entitled to judgment as a matter of law.

## Conclusion

Because USFIC has shown that there is no genuine dispute of material fact as to whether Cox breached the Agreement, the Court grants partial summary judgment to USFIC. Accordingly, the Court denies Cox's request to decide preliminary questions and USFIC's motion to strike as moot. Following this Order, the remaining claims in this case are USFIC's Collateralization/Quia Timet claim, motion for preliminary injunction, motion for attorney's fees, and recovery of interest under its breach of contract action.

Signed October 6, 2025.

David C. Godbey
Senior United States District Judge